362 F.3d 1133
 Charles E. MURPHY, Plaintiff-Appellant,
v.
SCHNEIDER NATIONAL, INC., a Wisconsin Corporation; Trane Company, a Wisconsin corporation; American Standard Inc., a Delaware Corporation; and Schneider Specialized Carriers, Inc., Defendants-Appellees.
 No. 02-35116.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 9, 2003.
 Filed November 21, 2003.
 Amended March 22, 2004.
 
 COPYRIGHT MATERIAL OMITTED Montgomery W. Cobb, Cobb & Bossé, LLP, Portland, OR, for the plaintiff-appellant.
 Wade R. Kennon, The Gilroy Law Firm, P.C., Portland, OR, for defendant-appellee Schneider.
 James N. Westwood, Leta E. Gorman, Stoel Rives LLP, Portland, OR, for defendant-appellee Trane.
 Appeal from the United States District Court for the District of Oregon; Ancer L. Haggerty, District Judge, Presiding. D.C. No. CV-01-00028-HA.
 Before: ALDISERT,* HALL, and GOULD, Circuit Judges.
 
 ORDER
 
 1
 The opinion published at 349 F.3d 1224 (9th Cir.2003) is amended to add the following footnote at the end of the second sentence in Part III.C:
 
 
 2
 A forum non conveniens motion, as opposed to a motion to transfer based on 28 U.S.C. § 1404(a), is appropriate in this case because, if the forum selection clause is enforced, Murphy will be forced to litigate against Schneider in a Wisconsin state court, rather than in a federal court. See 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1352 (2d ed.) ("A federal court will resort to the pre-1948 motion to dismiss for forum non conveniens in those instances which the alternative forum is a state court ....").
 
 
 3
 A judge of this court sua sponte called for en banc reconsideration. The call failed to receive a majority vote of the active, non-recused judges. No further petition for rehearing or rehearing en banc will be accepted in this case. The Clerk is ordered to issue the mandate forthwith.
 
 
 4
 IT IS SO ORDERED.
 
 OPINION
 GOULD, Circuit Judge:
 
 5
 Plaintiff Charles E. Murphy was injured on premises owned by Defendant Trane Company ("Trane") while Murphy was working as a long haul trucker for Defendant Schneider National, Inc. ("Schneider"). Murphy filed a personal injury action against Schneider and Trane in the United States District Court for the District of Oregon, based on diversity of citizenship. Schneider filed a motion to dismiss the action for improper venue, asserting that venue was proper only in Wisconsin state court because of the forum selection clause in Murphy's employment contract with Schneider. Trane also filed a motion, asserting that Murphy's claims against Trane should be dismissed based on forum non conveniens if the district court enforced the forum selection clause between Murphy and Schneider. The district court enforced the forum selection clause and granted Trane's motion to dismiss based on forum non conveniens. Murphy appeals the dismissal of his action against Schneider and Trane. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we vacate in part and remand.
 
 
 6
 * Murphy is a long haul truck operator and a resident of Oregon since 1995. In 1992 he began working for Schneider as a hauler. Murphy's employment with Schneider was pursuant to a 31 page employment contract that, in paragraph 35, contained the following forum selection clause:
 
 
 7
 
 Governing Law: Forum.
 
 
 
 8
 This agreement shall be governed by and construed in accordance with the laws of the State of Wisconsin and all suits with respect hereto shall be instituted exclusively in the Circuit Court of Brown County, Wisconsin. Independent Contractor consents to the exercise of jurisdiction by this court and the vesting of venue therein. INDEPENDENT CONTRACTOR WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS AND CONSENTS TO ALL SUCH SERVICE OF PROCESS IN THE MANNER AS PROVIDED IN PARAGRAPH 26, ABOVE.
 
 
 9
 Murphy has not been formally educated beyond the tenth grade. When Murphy first signed the employment contract with Schneider, two months after he began working for Schneider, he was told that the terms of the contract were not negotiable and that he was required to sign the contract if he wanted to work for Schneider. Each year Murphy signed a new contract with a similar forum selection clause.
 
 
 10
 On or about January 24, 2000, Murphy was injured while picking up a load of air conditioners for Schneider in Lexington, Kentucky, on the premises of Defendant Trane. Murphy sued Trane and Schneider in the United States District Court for the District of Oregon on May 9, 2001. Both the First Amended Complaint and Second Amended Complaint allege that Trane negligently breached its duty to maintain safe working conditions and that Schneider failed to maintain a policy of workers compensation insurance covering Murphy's injuries as required by Oregon's Employers Liability Act. Or.Rev.Stat. § 654.305 et seq. Trane denied liability, but asserted cross-claims against Schneider for indemnification if liable.
 
 
 11
 On May 18, 2001, Schneider answered Murphy's complaint and asserted as an affirmative defense: "Venue is not proper within this district. The action should be dismissed or, in the alternative, transferred to the district appropriate for actions arising in Lexington, Kentucky." On May 30, 2001, Schneider filed a motion to dismiss the claims against it because of the forum selection clause in the employment contract between Murphy and Schneider. The motion was based on Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a). Trane then filed a motion to dismiss, asserting that the district court should dismiss claims against Trane on grounds of forum non conveniens if the district court granted Schneider's motion to dismiss.
 
 
 12
 In response to Schneider's motion, Murphy submitted an affidavit in which he stated that he has been unable to work since his injury, that the truck he used for his work had been repossessed, and that he and his wife live on about $2,234 per month in disability payments. Murphy's affidavit further provided that he and his wife have no disposable income, incur $200-300 per month in credit card bills, and make minimum payments on the credit card bills. Because of his financial situation, Murphy stated that he "could not afford to maintain this case if it were in a Wisconsin court," and also that he could not tolerate sitting during an auto trip to Wisconsin. Murphy also argued that if Schneider's claim were dismissed based on the forum selection clause, Murphy's claim against Trane could still go forward in the United States District Court for the District of Oregon, and therefore dismissing Schneider's claim would exacerbate Murphy's financial difficulty by requiring him to litigate against Schneider in Wisconsin and Trane in Oregon.
 
 
 13
 Schneider challenged Murphy's factual assertion that his disability precluded travel, citing Murphy's medical records. First, Dr. Thomas Hartkop specified that Murphy was disabled from January 24, 2000 to February 16, 2000, at which point Murphy was to start physical therapy. Second, Dr. Jeffrey Louie evaluated Murphy. On April 5, 2000, Dr. Louie restricted Murphy to "[l]ight duties, full time," with the written restriction of "[n]o tarping, not to lift over 20 [lbs.]." On August 21, 2000, Dr. Louie stated that Murphy was unable to return to work pending an MRI and a follow-up appointment. On September 27, 2000, Dr. Louie again restricted Murphy to light full-time duty, with written restrictions of"[n]o lifting over 30 pounds" and "no tarping." Finally, on January 3, 2001, Dr. Louie wrote to Dr. Hartkop stating that Murphy was able to drive but could not tarp.
 
 
 14
 The district court granted both Schneider's and Trane's motions to dismiss. The district court rejected Murphy's assertions that forcing him to litigate in Wisconsin state court would effectively deny him his day in court. The district court also determined that keeping the lawsuit in the District of Oregon would waste both judicial and individual resources because plaintiff would have to litigate against Schneider in Wisconsin and against Trane in Oregon; Schneider would have to defend against Murphy's claims in Wisconsin and against Trane's cross-claims in Oregon. Murphy appeals the district court's dismissal of claims against Schneider and Trane.
 
 II
 
 15
 The district court's decision to enforce a forum selection clause is reviewed for abuse of discretion. See Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty, 294 F.3d 1171, 1174(9th Cir.2002). Also, because Schneider's motion to enforce a forum selection clause is made pursuant to Fed.R.Civ.P. 12(b)(3), the pleadings need not be accepted as true, Richards v. Lloyd's of London, 135 F.3d 1289, 1292 (9th Cir.1998), and the court may consider facts outside of the pleadings. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324(9th Cir.1996).
 
 
 16
 We face a question of first impression in our Circuit as to how the district court should address the controverted facts and evidence underlying Murphy's attempt to resist the enforcement of the forum selection clause. Murphy presented his affidavit evidence that because of his financial and physical limitation, enforcement of the forum selection clause would deprive Murphy of his day in court. That evidence was controverted by Schneider's submission of medical records that cast doubt on the scope of disability asserted. If, on the Rule 12(b)(3) motion, the district court is permitted to weigh the competing evidence and make factual findings to resolve this conflict on the impact of the forum selection clause, then those findings should be entitled to deference on appeal. On the other hand, if the contested facts bearing on the impact of the clause on Murphy are to be treated by analogy to our procedure for assessing facts in a disputed summary judgment motion under Fed.R.Civ.P. 56, then the trial court is obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party.
 
 
 17
 There is no dispute on the existence of the forum selection clause in Murphy's contract. In many cases, when such a clause is invoked, the court is faced primarily with a legal issue as to whether the clause should be given force. In such cases, there will likely be no dispute over the existence, validity, or enforceability of the forum selection clause. In these cases, there would be no need for factual hearing or a protocol on how to handle disputed facts. On the other hand, in this case we see a square conflict of evidence that bears on whether application of the forum choice of Wisconsin would effectively deprive Murphy of a forum. In a case of this nature, the rule of law governing how to treat disputed facts in connection with the Rule 12(b)(3) motion is critical. Because we have not heretofore established any precedent directly on point, the district court's decision to weigh the affidavits in search of a fair determination is understandable. Nonetheless, we have determined that the rule governing such cases needs to be addressed and stated to guide future cases as well as this one. The precise issue we consider is: How should a district court treat disputed facts in the context of a Rule 12(b)(3) motion? Stated another way, we ask whether, at this stage of a Rule 12(b)(3) challenge, disputed facts must be viewed in the light most favorable to the non-moving party, who will normally be the plaintiff who made the forum choice in filing suit.
 
 
 18
 After reviewing the available authorities from outside of our circuit, we are persuaded that, in the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party, in this case, Murphy. This conclusion is in accord with virtually unanimous authority of the few courts that have faced this issue and with a leading federal procedural treatise that has addressed the issue. See New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 29 (2d Cir. 1997); Darby v. Dep't of Energy, 231 F.Supp.2d 274, 276-77 (D.D.C.2002); Indymac Mortgage Holdings, Inc. v. Reyad, 167 F.Supp.2d 222, 237, 244 (D.Conn.2001); Armco Inc. v. North Atlantic Ins. Co., Ltd., 68 F.Supp.2d 330, 337-38 (S.D.N.Y. 1999); Nagel v. ADM Investor Servs., 995 F.Supp. 837, 843 (N.D.Ill.1998); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (Supp.2003) (stating that on a 12(b)(3) motion based upon a forum selection clause, "[t]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.").
 
 
 19
 We find instructive the discussion of the Second Circuit in New Moon Shipping.[1] The Second Circuit recognized the effect of enforcing a forum selection clause is similar to that of granting a Fed.R.Civ.P. 12(b)(1)(subject-matter jurisdiction) or Fed.R.Civ.P. 12(b)(2) (personal jurisdiction) motion: It "foreclose[s] suit in the jurisdiction of plaintiff's choice." New Moon Shipping, 121 F.3d at 29. This dramatic effect on the plaintiff's forum choice justifies that "a party seeking to avoid enforcement of [a forum selection clause] is ... entitled to have the facts viewed in the light most favorable to it, and no disputed fact should be resolved against that party until it has had an opportunity to be heard." Id.
 
 
 20
 The standard that we announce today also comports with the approach we have taken with other Fed.R.Civ.P. 12(b) motions. See McNatt v. Apfel, 201 F.3d 1084, 1087(9th Cir.2000) ("favorably" viewing the pleaded facts in the context of a Rule 12(b)(1) (subject matter jurisdiction) motion); Dole Food Co. v. Watts, 303 F.3d 1104, 1107 (9th Cir.2002) (holding that in the context of a Rule 12(b)(2) motion for lack of personal jurisdiction, the court is to take as true the allegations of the non-moving party and resolve all factual disputes in its favor); Summit Health Ltd. v. Pinhas, 500 U.S. 322, 325, 111 S.Ct. 1842, 114 L.Ed.2d 366 (1991) (in the context of a Rule 12(b)(6) motion, all material facts as pled in the complaint are assumed to be true). That the result is similar is not surprising based on our view of the practical realities that may often underlie Rule 12(b) motions: These motions are typically made early in litigation when the factual record is undeveloped and granting a Rule 12(b) motion will terminate the case in the selected forum. In this procedural posture, if the facts asserted by the non-moving party are sufficient to preclude enforcement of the forum selection clause, the non-moving party is entitled to remain in the forum it chose for suit unless and until the district court has resolved any material factual issues that are in genuine dispute.
 
 
 21
 As a result, at least until facts are resolved, in many cases the non-moving party will survive the Rule 12(b)(3) motion. Because objections to venue must be brought in the motion to dismiss or in a responsive pleading, 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (2d ed.1990), a party attempting to enforce a forum selection clause may face the requirement of asserting the challenge to venue at the outset of the case and then facing the task of overcoming the presumption we have articulated in favor of the non-moving party. To resolve such motions when genuine factual issues are raised, it may be appropriate for the district court to hold a Rule 12(b)(3) motion in abeyance until the district court holds an evidentiary hearing on the disputed facts. See Fed.R.Civ.P. 12(d)(permitting pre-trial "hearing[s]"); Zelman v. United States, 893 F.Supp. 78, 82 (D.Me.1995). Whether to hold a hearing on disputed facts and the scope and method of the hearing is within the sound discretion of the district court. Alternatively, the district court may deny the Rule 12(b)(3) motion while granting leave to refile it if further development of the record eliminates any genuine factual issue. E.g., In re Nat'l Student Mktg. Litig., 413 F.Supp. 1159, 1160 (D.D.C.1976) (motion to dismiss denied without prejudice and to be renewed at the close of pretrial discovery). Upon holding an evidentiary hearing to resolve material disputed facts, the district court may weigh evidence, assess credibility, and make findings of fact that are dispositive on the Rule 12(b)(3) motion. These factual findings, when based upon an evidentiary hearing and findings on disputed material issues, will be entitled to deference. See, e.g., Easley v. Cromartie, 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001) (a district court's findings of fact are reviewed under the clearly erroneous standard); Rand v. Rowland, 154 F.3d 952, 957 n. 4 (9th Cir.1998) (en banc) (same).
 
 
 22
 With this framework in mind, we turn to the issues presented in this case. Because no evidentiary hearing was held, and no explicit findings of fact were made on the effect of Murphy's financial condition and disability on his ability to travel to another forum, we hold that the fact issues pertinent to the enforceability of the forum selection clause are to be viewed in the light most favorable to Murphy as the non-moving party.
 
 
 23
 Because the district court did not employ the standard we describe, this "technically" constitutes an abuse of discretion, see Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) ("A district court by definition abuses its discretion when it makes an error of law."), though an understandable one because we have not previously announced the controlling rule.
 
 
 24
 Notwithstanding that under the rule we today announce it was error not to accept Murphy's version of the facts, and all reasonable inferences thereon, we will examine whether Murphy presented sufficient evidence to survive Schneider's Rule 12(b)(3) motion under the standard we have announced. See Graves v. City of Coeur D'Alene, 339 F.3d 828, 846 n. 23 (9th Cir.2003) (stating that we may affirm the district court on "any ground supported by the record").
 
 III
 
 25
 The enforceability of the forum selection clause in Murphy's employment contract is controlled by Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), wherein the Supreme Court held that forum selection clauses are presumptively valid. See Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 868 (9th Cir.1991) (holding that the Bremen framework applies to employment contracts even when the controlling contract is not a complex commercial contract like the one in Bremen). Because forum selection clauses are presumptively valid, they should be honored "absent some compelling and countervailing reason." Bremen, 407 U.S. at 12, 92 S.Ct. 1907. The party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." Id. at 15, 92 S.Ct. 1907.
 
 
 26
 Even though Bremen created a presumption in favor of enforcing forum selection clauses, Bremen recognized three reasons that would make enforcement of a forum selection clause unreasonable: (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) "if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; and (3) "if enforcement would contravene a strong public policy of the forum in which suit is brought." Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir.1998) (citing and quoting Bremen, 407 U.S. at 12-13, 15, 18, 92 S.Ct. 1907) (internal quotation marks omitted).
 
 
 27
 In the context of employment contracts, we detailed in Spradlin circumstances of an employment agreement that might, in an appropriate case, be taken into account when determining the enforceability of the forum selection clause including: (1) "any power differentials which may exist between the two parties to the contract," (2) the educational background of the party challenging the clause, (3) the business expertise of the party challenging the clause, and (4) the "financial ability to bear [the] costs and inconvenience" of litigating in the forum selected by the contract. See Spradlin, 926 F.2d at 868-69.
 
 
 28
 * As to the first Bremen exception, Murphy submitted an affidavit to the district court asserting that the terms of his employment contract were not negotiated and were non-negotiable. He "was told that if [he] wanted to work for Schneider, [he] would be required to sign the contract that [he] received as it was written by Schneider." Murphy also noted that he has only completed formal education through the tenth grade. Murphy said that he signed the contract to keep his job with Schneider.
 
 
 29
 The district court disregarded the power differential between Murphy and Schneider by citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), for the proposition that "[u]nequal bargaining power between the parties does not make a forum selection clause unenforceable." The district court's citation to Shute is correct — Shute rejected the idea that enforcing a forum selection clause in the respondent's cruise ticket is unreasonable merely because the commercial cruise ticket was not negotiated. Id. at 593, 111 S.Ct. 1522.
 
 
 30
 Accepting Murphy's assertions of fact as true, and giving him all reasonable inferences, there is no allegation of fraud of any kind or degree. We deal here with typical business contractual relations. As for the allegation of "overreaching," a potential ground short of fraud, we conclude that Murphy has alleged insufficient facts to evade the consequences of his forum selection choice. Under Carnival Cruise, a differential in power or education on a non-negotiated contract will not vitiate a forum selection clause. Moreover, there is no evidence of overreaching beyond Murphy's assertion: Murphy signed a new contract with a similar forum selection clause each year from 1992 to at least 1996. If, as Murphy asserts, Schneider told him that the contract was not negotiable, Murphy had the opportunity to seek work with other employers if he opposed the forum selection clause. Murphy's assertions reduce to a claim of power differential and non-negotiability. This evidence, even accepted as true for purposes of the Rule 12(b)(3) motion, is not enough to overcome the strong presumption in favor of enforcing forum selection clauses. See Spradlin, 926 F.2d at 868. To decline enforcement of a forum selection merely on the showing of non-negotiability and power difference made by Murphy would disrupt the settled expectations of the parties here and would threaten the ability of employers to require that disputes with their employees normally be settled in their neighborhood, absent some other exigency. We affirm the district court on this issue because Murphy's factual assertions, taken for our purposes to be true, are not enough to meet the first Bremen exception.
 
 B
 
 31
 The second Bremen exception recognizes that enforcement of a forum selection clause would be unreasonable if enforcement would effectively deny the party seeking to repudiate the clause from a day in court. Lloyd's of London, 135 F.3d at 1294 (citing and quoting Bremen). Spradlin suggests that courts are to consider a party's financial ability to litigate in the forum selected by the contract when determining the reasonableness of enforcing a forum selection clause. See Spradlin, 926 F.2d at 869. Murphy's factual submissions in opposing the Rule 12(b)(3) motion included sworn assertions that Murphy had financial inability to litigate in Wisconsin, that a disability would prevent Murphy from driving to Wisconsin, that his wife could not drive him, and that even with a driver, he could not sit.[2] Together, and taken as true, these assertions squarely present the question of whether the second Bremen exception should apply. Here, Murphy's considerations have force, when credited for purposes of the Rule 12(b)(3) motion. It is one thing to require a party to abide by a contractual forum selection clause despite a post-litigation preference to the contrary and despite some inconvenience. But it is another thing to permit a forum selection clause wholly to foreclose an employee's ability to assert a claim if, in an exceptional case, enforcing a forum selection clause will effectively preclude the claimant's day in court.
 
 
 32
 In the affidavit submitted to the district court, Murphy presented evidence that he would not be able to litigate his claim if the forum selection clause was enforced:
 
 
 33
 Since my accident I have been unable to work. Because I was unable to work, I earned no income, and the truck that I used to earn my livelihood was repossessed. I presently live on my disability payments, which amount to approximately $2,000.00 per month. I am 61 years old. My wife, who is 61 years of age, is also disabled and cannot work. She receives approximately $234.00 per month in disability payments. Each month we use all of our combined disability payments to pay outstanding bills. We also put an average of $200 $300 per month on credit cards, on which we are making minimum payments. We have no disposable income.... I could not afford to maintain this case if it were in a Wisconsin court.
 
 
 34
 In addition, Murphy asserts that even though driving to Wisconsin might be an affordable way for him to travel, his injury prevents him from sitting in a position of limited mobility for more than one hour; that although medication reduces the pain, it impairs his ability to drive; and that Murphy's wife cannot drive because of her injuries and disabilities.[3]
 
 
 35
 Despite Murphy's contention that he would effectively be deprived of his day in court if the forum selection clause was enforced, the district court rejected Murphy's argument. Although the district court acknowledged that "trial in Wisconsin would cause inconvenience and expense for his witnesses," and that Murphy's "back injury makes traveling difficult," the district court did not accept Murphy's assertion by affidavit that he could not travel. The district court did not discuss Murphy's submission of evidence that Murphy's financial situation would prevent him from litigating in a Wisconsin court and did not accept as true Murphy's assertion by affidavit that his disability even prohibited him from driving or sitting in a vehicle en route to Wisconsin. Under the standard that we adopt today, the district court erred by not accepting Murphy's testimony as true, given that there was no evidentiary hearing to resolve disputed facts.
 
 
 36
 Second, the district court dismissed the hardships alleged by Murphy, concluding that "the hardships faced by the [the plaintiffs in Walker v. Carnival Cruise Lines, 63 F.Supp.2d 1083 (N.D.Cal.1999)] were considerably greater than those facing Mr. Murphy." In Walker, where the plaintiffs sued Carnival Cruise lines under the Americans with Disabilities Act, the district court enforced the forum selection clause contained in the passenger ticket contract. 63 F.Supp.2d at 1090. The analogy to Walker is inapposite under the rule we have adopted: If Murphy's affidavit is taken as true, he is precluded from litigating in Wisconsin, regardless whether his disability is less severe than those that existed in Walker.
 
 
 37
 Taking Murphy's allegations as true and resolving all disputed facts in his favor, the combination of Murphy's alleged financial troubles and physical limitations would bar him from litigating his claim in Wisconsin. It does not matter at the Rule 12(b)(3) motion stage that there are contrary facts submitted by the moving party. Absent an evidentiary hearing to resolve the factual contest, the Rule 12(b)(3) motion should have been denied. Without holding a hearing to resolve disputed facts, the district court had to accept Murphy's sworn factual assertions as true. When these assertions are credited as true, Murphy's physical and financial limitations together would preclude his day in court, and the second Bremen exception to enforcing forum selection clauses would apply. We vacate the district court's judgment on this issue and remand for further proceedings, including an evidentiary hearing if warranted.[4]
 
 C
 
 38
 Turning to the final issue in this case, Murphy also challenges the district court's grant of Appellee Trane's forum non conveniens motion. Trane concedes that its motion depends on the district court granting Appellee Schneider's Rule 12(b)(3) motion.[5] See Trane Br. at 5 ("If this Court finds that the forum-selection clause is not enforceable, the district court's decision to dismiss Trane should also be reversed."). Because we vacate in part, and remand on the Rule 12(b)(3) issue, and the issue of whether to enforce the forum selection clause thus remains undecided, we also vacate and remand on the forum non conveniens motion in light of Trane's concession. Considerations of judicial efficiency, however, lead us now to say that if on remand the district court enforces the forum selection clause between Schneider and Murphy, then the district court's view on forum non conveniens relief for Trane would not appear to be an abuse of discretion. However, in view of the remand on the forum selection clause and Trane's concession, we defer a final decision on that issue.
 
 IV
 
 39
 We affirm the district court on the first Bremen exception. We vacate the district court's order and decision on the second Bremen exception, the enforcement of the forum selection clause, and we also vacate its decision on the forum non conveniens dismissal. In resolving the Rule 12(b)(3) motion and applying the second Bremen exception, the district court is instructed to accept Murphy's view of any facts genuinely disputed, unless or until these disputed facts are resolved by an evidentiary hearing or by other appropriate means. It is entirely within the district court's discretionary province to decide whether to conduct an evidentiary hearing. However, absent such hearing, any facts in genuine dispute must be viewed in a light favorable to Murphy as the non-moving party. The district court is further instructed to resolve Trane's motion for forum non conveniens relief after resolving the Rule 12(b)(3) motion. We thus vacate in part the prior ruling and we remand to the district court for further proceedings consistent with our opinion.
 
 
 40
 The parties shall bear their own costs on appeal.
 
 
 41
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 Notes:
 
 
 *
 The Honorable Ruggero J. Aldisert, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 Although the Second Circuit addresses motions to dismiss based upon forum selection clauses under Rule 12(b)(1) (subject matter jurisdiction),see AVC Nederland B.V. v. Atrium Inv. P'ship, 740 F.2d 148, 152 (2d Cir. 1984), and not under Rule 12(b)(3), the court's analysis remains persuasive.
 
 
 [2]
 Murphy's affidavit indicating that he was unable to sit for more than an hour on a car trip, which we credit for purposes of our decision, may be called into question by his subsequent travel, thus presenting an issue that the parties may explore, and that we think must be resolved, before the district courtSee infra note 3.
 
 
 [3]
 The Appellant's counsel informed the panel just before oral argument that Murphy had recently completed a trip to Tennessee via motor home and that Murphy had undergone surgery after the appeal had been filed. As these facts were not before the district court, nor were in the record, counsel's professional duty required him to alert us to these new facts which might require remand
 
 
 [4]
 The district court may also evaluate the evidence of Murphy's surgery and recent travels in its proceedings
 
 
 [5]
 Aforum non conveniens motion, as opposed to a motion to transfer based on 28 U.S.C. § 1404(a), is appropriate in this case because, if the forum selection clause is enforced, Murphy will be forced to litigate against Schneider in a Wisconsin state court, rather than in a federal court. See 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1352 (2d ed.) ("A federal court will resort to the pre 1948 motion to dismiss for forum non conveniens in those instances which the alternative forum is a state court....").