# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-765
Lower Tribunal No. 15-11191
_____


**Gojko Durkovic,**
Appellant,

vs.

**Park West Galleries, Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

The Peltz Law Firm, P.A., and Robert D. Peltz; The Vucci Law Group, P.A., and Louis A. Vucci, for appellant.

Coffey Burlington, P.L., and Jeffrey B. Crockett and Paul J. Schwiep, for appellee.


Before EMAS, LOGUE, and SCALES, JJ.

LOGUE, J.

Appellant, a Serbian national and resident, filed a personal injury action against Park West Galleries, Inc., alleging he injured his back while under contract

to conduct art auctions on cruise ships. He now appeals the trial court's decision to dismiss his case pursuant to a mandatory forum selection clause. The forum selection clause at issue provides that all legal proceedings by either party relating to the contract will be brought in the Turks and Caicos Islands, except that the Appellant may be sued in other forums for the limited purpose of obtaining an injunction prohibiting him from violating the confidentiality and non-compete provisions of the contract.

For the purposes of reviewing a motion to dismiss, we accept as true the Appellant's allegation that he has the status of a seaman under the Jones Act, 46 U.S.C. § 30104 (2015). We decline to adopt the Appellant's position that the Jones Act per se prohibits a seaman who is a foreign national residing outside the United States from being bound by a contract provision mandating a specific foreign forum for disputes under the contract. See, e.g., Ramirez v. NCL (Bahamas), Ltd., 991 F. Supp. 2d 1187, 1194 (S.D. Fla. 2013) (in cause of action alleged under the Jones Act, enforcing the arbitration agreement and also holding "the parties' forum-selection and choice-of-law provisions are enforceable"). We also reject Appellant's argument that the venue provision at issue is so one-sided as to be unconscionable.

Instead, under the authority of Estate of Stern v. Oppenheimer Trust Co., 134 So. 3d 566 (Fla. 3d DCA 2014), we hold that such a mandatory forum

2

selection clause is valid and enforceable unless the chosen forum is unjust and unreasonable in the sense that it constitutes no forum at all. The Turks and Caicos Islands are a British Overseas Territory whose courts are part of the British common law system. Appeals from the highest courts in the Turks and Caicos Islands lie with the highest courts in the United Kingdom of Great Britain and Northern Ireland. The affidavits on file in this record support the conclusion that the courts of the Turks and Caicos Islands are capable of deciding the choice of law issues, determining whether the contractual provisions limiting liability and recovery are operative, and applying the Jones Act, if appropriate. It certainly cannot be said on this record that the courts of the Turks and Caicos Islands constitute no forum at all.

Affirmed.

SCALES, J., concurs.

EMAS, J., concurs in result only.