# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-556
Lower Tribunal No. 14-21552
_____

**Miguel Antonio Alvarado Castro,**
Appellant,

vs.

**Pullmantur, S.A., Pullmantur Cruises, S.L.,
Pullmantur Cruises Sovereign, a foreign corporation, and
Pullmantur Ship Management Ltd.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Lipcon, Margulies, Alsina & Winkleman, P.A., and Michael A. Winkleman, for appellant.

Horr, Novak & Skipp, P.A., David J. Horr, and Stephanie H. Wylie, for appellees.


Before SUAREZ, C.J., and LAGOA and LUCK, JJ.

LUCK, J.

This case is about where a cabin steward on a cruise ship, Miguel Antonio Alvarado Castro, gets to bring a personal injury lawsuit against his employer under the Jones Act. Castro filed his claims in the Miami-Dade County circuit court. The cruise ship company, Pullmantur, S.A., and its related entities moved to dismiss because of a forum selection clause in Castro's employment contract that required him to bring the lawsuit in Malta. The trial court concluded that the forum selection clause was valid and enforceable, and dismissed the case against Pullmantur. We agree, and affirm.

*Factual Background and Procedural History*

Pullmantur is a cruise line based in Spain. In 2013, Castro was living in Honduras and applied to work on a Pullmantur cruise ship. Castro, in May of that year, signed an employment agreement with Pullmantur Ship Management Limited, a Bahamian company. The employment agreement provided that Castro would work as a cabin steward on Pullmantur's <u>Sovereign</u> cruise ship from May to November, and would be paid $1,208 per month. Castro, the agreement said, would meet the <u>Sovereign</u> in Civitavecchia, Italy, and begin working on May 14. As part of the employment contract, Castro agreed that his "employment aboard the vessel shall be governed by the Laws of the vessel's flag state . . . and any disputes hereunder shall be adjudicated in that jurisdiction only."

The Sovereign is owned by Pullmantur Cruises Sovereign, a Maltese corporation. The company's base of operations is in Malta, and the Sovereign is flagged there. The Sovereign's home port is Barcelona, Spain. In the warm weather months, the ship sailed in the Mediterranean Sea. In the cold weather months, it sailed in South America.

Castro alleged that on September 7, 2013, while he was working on the Sovereign, he was severely injured because of the constant heavy lifting, bending, twisting, and turning he had to do as a cabin steward. Castro claimed that his injuries were the result of the Pullmantur entities' negligence, and filed a complaint in Miami-Dade County circuit court for: (1) Jones Act negligence; (2) unseaworthiness; (3) failing to provide maintenance and cure; and (4) failing to treat his injuries.[1]

Pullmantur moved to dismiss Castro's complaint based on the forum selection clause. Castro responded that the forum selection clause was unreasonable because Malta was too inconvenient and expensive for him to litigate this case such that he would be deprived of his day in court, and it was void under federal law. The trial court granted the motion to dismiss, concluding that

[1] Castro also included claims against Royal Caribbean, Pullmantur's parent corporation. In a separate order, the trial court granted Royal Caribbean's motion to dismiss based on the forum selection clause, and although Pullmantur initially appealed the judgment dismissing Royal Caribbean, that appeal was dismissed and is not at issue here.

3

"enforcement of the forum selection clause [was] reasonable under the circumstances because the subject vessel [was] flagged in Malta, the shipowner [was] incorporated in Malta, Malta has an interest in regulating its ships and shipowners and Malta has an established system recognizing and enforcing seaman's rights."[2]

*Analysis*

Castro contends on appeal that the trial court erred in finding the forum selection clause in his contract valid and enforceable because: (1) the clause is unreasonable given how "gravely difficult and inconvenient" it would be for him to litigate the case in Malta; and (2) it is void after the 2008 amendments to the Jones Act. We review the trial court's order, which dismissed the case based on the forum selection clause in the parties' contract, de novo. Crastvell Trading Ltd. v. Marengere, 90 So. 3d 349, 353 (Fla. 4th DCA 2012).

1. The forum selection clause is unreasonable. The traditional, common law view of "contractual provisions requiring that future disputes be resolved in specified foreign jurisdictions" was that they were "void as impermissible attempts to oust Florida of subject matter jurisdiction." Manrique v. Fabbri, 493 So. 2d 437,

---

[2] The trial court also concluded, as an alternative ground to dismiss, that Castro was collaterally estopped from raising the invalidity of the forum selection clause because the trial court had already ruled on that issue regarding the Royal Caribbean defendants. Because we conclude, as the trial court did, that the forum selection clause is valid and enforceable, we do not have to decide the collateral estoppel issue.

438 (Fla. 1986) (citing <u>Huntley v. Alejandre</u>, 139 So. 2d 911 (Fla. 3d DCA 1962)).

This view was rejected by the United States Supreme Court in <u>M/V Bremen v.</u>

<u>Zapata Off-Shore Co.</u>, 407 U.S. 1 (1972). There, the Court explained:

> The argument that such clauses are improper because they tend to "oust" a court of jurisdiction is hardly more than a vestigial legal fiction. It appears to rest at core on historical judicial resistance to any attempt to reduce the power and business of a particular court and has little place in an era when all courts are overloaded and when businesses once essentially local now operate in world markets. It reflects something of a provincial attitude regarding the fairness of other tribunals. No one seriously contends in this case that the forum-selection clause "ousted" the District Court of jurisdiction over Zapata's action. The threshold question is whether that court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause.

<u>Id.</u> at 12, <u>quoted in</u> <u>Manrique</u>, 493 So. 2d at 439.

In <u>Manrique</u>, the Florida Supreme Court adopted the <u>M/V Bremen</u> approach, explaining that: "The correct approach would have been to enforce the forum clause specifically unless [the party] could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." <u>Manrique</u>, 493 So. 2d at 439 (alteration in original). The test for the unreasonableness or injustice of a forum selection clause, the Florida Supreme Court said, was not "mere inconvenience or additional expense." <u>Id.</u> at 440 n.4. Rather, "[i]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and

inconvenient that he will for all practical purposes be deprived of his day in court." Id. (quoting Bremen, 407 U.S. at 18). Or, as we have said, "[t]he enforcement is unreasonable and unfair only when the designated forum amounts to 'no forum at all.'" Am. Safety Cas. Ins. Co. v. Mijares Holding Co., LLC, 76 So. 3d 1089, 1092 (Fla. 3d DCA 2011) (quoting Corsec, S.L. v. VMC Int'l Franchising, LLC, 909 So. 2d 945, 947 (Fla. 3d DCA 2005)).

Castro argues that Malta is no forum at all for him because he lives in a poor, rural community in Honduras. He is unemployed, has no savings, and has barely enough money to support his family. Malta, Castro contends, is one thousand miles away from Honduras, and he does not have the money to hire an attorney, or to pay for airfare and hotel expenses to litigate his case. Under these facts, Castro says, there are two federal cases that support his contention the forum selection clause is unreasonable: Murphy v. Schneider National, Inc., 362 F.3d 1133 (9th Cir. 2004); and Rozanska v. Princess Cruise Lines, Ltd., No. 07-23355-CIV, 2008 WL 8883868 (S.D. Fla. Aug. 5, 2008). While the forum selection clauses were held to be unreasonable in Murphy and Rozanska, a closer look at both cases shows that the facts here are far different.

In Murphy, the plaintiff was a long haul trucker for an air conditioning company. Murphy, 362 F.3d at 1136. The trucker was injured while he was picking up air conditioners in Kentucky. Id. Although he lived in Oregon, the

6

trucker's employment agreement had a forum selection clause that required all lawsuits to be brought in Wisconsin. Id. The injured trucker filed his lawsuit in Oregon, and in response to the motion to dismiss based on the forum selection clause, he swore that he had been unable to work since the injury; his truck had been repossessed; he had a limited income from disability payments; he had significant expenses; and therefore he couldn't maintain his lawsuit if he had to file it in Wisconsin. Id. at 1136-37. The federal court of appeals, taking these allegations as true, concluded that "the combination of [the trucker's] alleged financial troubles and physical limitations would bar him from litigating his claim in Wisconsin." Id. at 1143.

While the Murphy plaintiff was unable because of physical injury and financial hardship to bring his case outside his home forum, Castro has not made that showing. Honduras is Castro's home forum. Castro, however, brought this case in Miami, Florida, which is 830 miles from Castro's home, in a different country. The Murphy plaintiff, because of his injuries and income, was unable to leave Oregon to prosecute his case. Castro, by filing his lawsuit in Miami, has shown that he is financially and physically able to bring his case away from his home forum.

There is another key difference between the Murphy case and this one. Murphy involved an injury in the United States and a dispute over different forums

within the United States (Oregon and Wisconsin). The <u>Murphy</u> case did not implicate foreign forum selection clauses and international labor and trade issues like this case does. The difference between domestic and foreign forum selections clauses is an important one. As the Florida Supreme Court explained in <u>Manrique</u>, international forum selection "clauses represent efforts to eliminate uncertainty as to the nature, location, and outlook of the forum in which parties of differing nationalities might find themselves." <u>Manrique</u>, 493 So. 2d at 439. They allow "freely contracting parties to conduct their interstate and international business affairs more efficiently." <u>Id.</u> Or, as Judge John Minor Wisdom explained in a crewmember injury case like this one:

> Forum selection clauses are important in international cases such as the instant case because there is much uncertainty regarding the resolution of disputes. Ocean-going vessels travel through many jurisdictions, and could become subject to the laws of a particular jurisdiction based solely upon the fortuitous event of an accident. "The elimination of all such uncertainties by agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting."

<u>Marinechance Shipping, Ltd. v. Sebastian</u>, 143 F.3d 216, 220 (5th Cir. 1998) (footnote omitted). Castro, for example, is a Honduran national who signed a contract with a Bahamian company to work on a Maltese ship that sailed through the Mediterranean Sea, including Italy and Spain. The public and private interests in the enforcement of international forum selection clauses – efficiency and the

8

elimination of uncertainty – are even greater than those for domestic forum selection clauses like the one in Murphy.

In the second case Castro relies on, Rozanska, a cruise ship waitress sued the cruise line under the Jones Act for failing to diagnose and treat her breast cancer. Rozanska, 2008 WL 8883868, at *1. Her employment agreement said that disputes would be heard in Bermuda or Poland. Id. The federal district court found that the forum selection clause was unreasonable because the cruise line's headquarters and base of operation was in the United States, and its business was substantially in the country. Id. at *4. The cruise line, moreover, "selected Bermuda law to apply because there are no comparable causes of action in Bermuda which are similar to the Jones Act or United States admiralty law for maintenance and cure." Id. at *5. "The purpose of the clause," the court wrote, "was to deprive [the waitress] of her Jones Act and maintenance and cure causes of action." Id.

The evidence here, unlike in Rozanska, is that the Pullmantur entities have no connection to the United States (other than that the parent company is Royal Caribbean). Pullmantur is headquartered in Spain; Pullmantur Cruises Sovereign is a Maltese company; and Pullmantur Ship Management is a Bahamian company. Since March 2009, the Sovereign hasn't been in the United States. During the warm weather months, the ship is in the Mediterranean Sea. During the cold

weather months, it is based in Brazil. The Pullmantur entities do not have an office or agent in the United States. Their officers are in Europe and Latin America, and they market mostly to Spanish-speaking passengers.

The evidence also shows that, unlike in Rozanska, Malta does not strip plaintiffs of their rights to assert Jones Act-like injury claims. Malta is a signatory to European Union conventions that assure fair treatment of workers on Malta-flagged ships. Malta has enacted local legislation to codify the European Union and United Nations conventions. And "Maltese law amply provides for situations where an employee suffers harm or personal injury in his or her place of work and there have been innumerable judgments in Malta where a Court condemned an employer to pay damages to his or her employee." These damages include "the actual material damages suffered" and "loss of future profits."

At bottom, the forum selection clause in this case is presumptively valid, and Castro bears a heavy burden to show that Malta is an unreasonable and unfair forum, that is, no forum at all. See Estate of Stern v. Oppenheimer Trust Co., 134 So. 3d 566, 568 (Fla. 3d DCA 2014) ("A party seeking to avoid enforcement of a mandatory forum selection clause bears a heavy burden of establishing that the enforcement is unjust or unreasonable and must demonstrate that the contractually designated forum essentially amounts to 'no forum at all,' thereby depriving the party of its day in court."); Burns v. Radisson Seven Seas Cruises, Inc., 867 So. 2d

10

1191, 1192 (Fla. 4th DCA 2004) ("The United States Supreme Court has held that forum selection clauses are generally presumed valid, unless enforcement of the agreement would be unreasonable under the particular circumstances, so as to encourage international trade and foster international relationships. This presumption places a heavy burden on a plaintiff contesting a forum selection clause to present compelling evidence that the clause was based on fraud, undue influence, unequal bargaining power, overreaching, or fundamental unfairness." (citations omitted)). Castro has not met that heavy burden.

Castro had significant contacts with the Mediterranean, and almost none in the United States. He applied to work on the Sovereign, a ship flagged in Malta and owned by a Maltese company, and for a cruise ship line that was based in Spain. Castro boarded the Sovereign in Italy. The Sovereign's home port was Barcelona, Spain, and throughout the time Castro worked on the ship it traveled to various ports throughout the Mediterranean Sea. There are, on the other hand, no contacts with the United States. The Sovereign, while Castro was working on the ship, did not dock in any United States port. The Pullmantur entities have no offices or agents in the United States.

Castro, moreover, is already litigating his personal injury case away from his home forum, and in a foreign country. Castro lives in Honduras, as does his family. Castro, however, brought his Jones Act claims in the Miami-Dade County

11

circuit court. Castro does not explain why, on the one hand, he is able to afford to bring this case in one foreign jurisdiction (Miami) and, on the other hand, he cannot afford to litigate the same claim in a different foreign jurisdiction (Malta). There is nothing in the record to suggest that Florida is any less expensive than Malta. If our state circuit court is not an unreasonable forum for a Honduran national, than neither is the Maltese courts. See Manrique, 493 So.2d at 440 n. 4 ("We emphasize that the test of unreasonableness is not mere inconvenience or additional expense." (emphasis added)).

Malta, finally, allows for personal injury claims like the one Castro brought in Florida. The Maltese courts allow an employee to sue his or her employer for injuries caused on the job, and to collect damages. Malta, as a member of the European Union, has recognized minimum working conditions and salary for seaman sailing on Malta-flagged ships, and has enacted domestic legislation to enforce these minimum standards.

2. The forum selection clause is void. Castro also contends that the forum selection clause is void because Congress in 2008 amended the Jones Act to delete its venue provision, which provided that "[a]n action under this section shall be brought in the judicial district in which the employer resides or the employer's principle office is located." Lindo v. NCL (Bahamas), Ltd., 652 F.3d 1257, 1286 (11th Cir. 2011) (quoting the Jones Act). Because the Jones Act references the

federal railroad workers statute (the Federal Employer's Liability Act, 45 U.S.C. §§55-56),[3] and the Supreme Court has interpreted the railroad workers statute to prohibit forum selection clauses (Boyd v. Grand Truck W.R. Co., 338 U.S. 263 (1949)),[4] Castro argues that the Jones Act now, too, prohibits forum selection clauses.

We have recently rejected this argument. See Durkovic v. Park W. Galleries, Inc., No. 3D16-765, 2017 WL 1278048, at *1 (Fla. 3d DCA Apr. 5, 2017) ("We decline to adopt the Appellant's position that the Jones Act per se prohibits a seaman who is a foreign national residing outside the United States from being bound by a contract provision mandating a specific foreign forum for disputes under the contract."); see also Nayak v. Star Clippers Corp., No. 12-23768-CIV, 2014 WL 1406438, at *3 (S.D. Fla. Mar. 11, 2014) ("I conclude that Plaintiff's assertion that forum selection clauses are per se invalid in Jones Act cases is not supported by the law in this Circuit."). And with good reason. The Jones Act amendments, first, were "not intended to make any substantive changes

---

[3] "Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void . . . . Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. §§ 55-56.

[4] "We agree with those courts which have held that contracts limiting the choice of venue are void as conflicting with the Liability Act." Boyd, 338 U.S. at 264-65.

to the laws now codified . . . . [T]hese changes [were] intended to restate the law without substantive change . . . ." Lindo, 652 F.3d at 1287 (quoting committee report). As the Eleventh Circuit Court of Appeals explained in Lindo, the "purpose of the 2008 Amendment . . . was to clarify what had already been settled . . . . Congress made it clear that no substantive change was being effected by the 2008 Amendment . . . ." Id. at 1286-87. Forum selection clauses in Jones Act cases have been enforceable for years, see, e.g., Marinechance Shipping, Ltd., 143 F.3d at 217-18, 221, and Congress did nothing to change this in the 2008 amendments.

Second, the Jones Act does not incorporate the entire body of federal railway law. The reference in the Jones Act to the railway workers is limited to the rights and remedies available to seaman. Here is what the Jones Act says:

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain a cause of action for damages at law, with the right to a trial by jury, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply.

46 U.S.C. § 30104. The Jones Act says nothing about incorporating the procedural requirements of the federal railway workers statute, like venue and statute of limitation, into ship worker cases. The "right or remedy" language refers to causes of action that are available to seaman and railway workers; it does not refer to all the procedural and administrative rules applicable to railway workers.

Third, the language of the railway worker statute does not prohibit forum selection clauses. It instead provides that "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. The prohibition on forum selection clauses was gloss that was added to the railway worker statute by the United States Supreme Court in Boyd. That Court has the right to say what federal law is, but we are not going to extend that gloss to a completely different statutory scheme, in a completely different industry, where forum selection clauses have been specifically authorized since M/V Bremen, without Congress or the Supreme Court telling us to do so.

*Conclusion*

For these reasons, after conducting a de novo review, we agree with the trial court that the forum selection clause Castro entered into as part of his employment contract with Pullmantur was valid and enforceable. We, therefore, affirm the trial court's judgment dismissing this case.

Affirmed.