# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1233
Lower Tribunal No. 17-24287
_____

## Victor Allan Clark,
Appellant,

vs.

## Celebrity Cruises, Inc., etc., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Alvarez, Feltman, & DaSilva, PL, and Paul B. Feltman, for appellant.

Coffey Burlington, P.L., and Jeffrey B. Crockett and Paul J. Schwiep, for appellees.

Before SCALES, LINDSEY and HENDON, JJ.

SCALES, J.

Victor Allan Clark, the plaintiff below, appeals a non-final order[1] granting

Celebrity Cruises, Inc. and Royal Caribbean Cruises Ltd.'s, the defendants below,

motion to dismiss Clark's First Amended Complaint. Because we conclude the trial court did not err, as a matter of law, in finding that venue lies in the Turks and Caicos Islands based on the mandatory forum selection clause contained within Clark's independent contractor agreement, we affirm. See Antoniazzi v. Wardak, 259 So. 3d 206, 209 (Fla. 3d DCA 2018) ("The trial court's construction of the forum selection clause is subject to de novo review.").

Clark was employed by a staffing agency (Caribbean Staffing Solutions) to work – on an independent contractor basis – as an art auctioneer for Park West Galleries, Inc. on cruise ships. Clark alleges that he was injured, on two separate occasions, while moving artwork on cruise ships separately owned and operated by the two appellee cruise lines. The First Amended Complaint alleges claims against the cruise lines for general maritime law negligence (counts I and IV); general maritime law unseaworthiness (counts II and V), and general maritime law failure to provide maintenance and cure (counts III and VI).

Citing this Court's decision in Durkovic v. Park West Galleries, Inc., 217 So. 3d 159 (Fla. 3d DCA 2017), the appellees moved to dismiss the instant action based on the mandatory forum selection clause[2] contained within Clark's

---

[1] Because the subject order is a non-final order that "concern[s] venue," we have jurisdiction. Fla. R. App. P. 9.130(a)(3)(A).

[2] The independent contractor agreement's mandatory forum selection clause provides, in relevant part, that "any and all legal proceedings . . . arising from or relating to this Agreement . . . shall be brought only in a court in the Turks & Caicos Islands."

independent contractor agreement with the staffing agency, of which the appellees were intended third-party beneficiaries.[3]  At the hearing on the appellees' motion, the trial court found that, based on Durkovic, venue lies in the courts of the Turks and Caicos Islands.  We agree.

In Durkovic, this Court considered a similar independent contractor agreement with the same staffing agency, containing the same mandatory forum selection clause and the same release provision at issue here.  There, this Court affirmed the dismissal of the plaintiff's personal injury action against Park West Galleries, Inc. (also an intended third-party beneficiary of the independent contractor agreement), holding that the action must be brought in the Turks and Caicos Islands.  Id. at 159-60.  That the instant action alleges claims against the appellee cruise lines only[4] is of no matter.  We find that, under Durkovic, the trial

_____

[3] The independent contractor agreement's "Indemnification, Hold Harmless, and Release" provision ("release provision") provides, in relevant part, that Clark "irrevocably and unconditionally releases . . . all cruise ships and cruise lines on which [Clark] performs services . . . from and against any past, present or future loss, claim, damage, or liability of any kind or nature whatsoever arising from [Clark's] activities in connection with this Agreement."  The release provision further provides that the release includes "claims for personal injuries," "claims under the Jones Act," "claims for maintenance and cure," and "claims for unseaworthiness."  The release provision supports the trial court's conclusion that the appellees are intended third-party beneficiaries of the independent contractor agreement.  The trial court did not reach the issue of, and we express no opinion on, whether the release provision exculpates the appellees.  See footnote 5, *infra*.

[4] Clark filed his original complaint against the appellee cruise lines and Park West Galleries, Inc.   When Park West Galleries, Inc. moved to dismiss the complaint

court correctly dismissed the instant action because venue lies in the Turks and

Caicos Islands.[5]

Affirmed.

---

against it based on <u>Durkovic</u>, Clark filed the First Amended Complaint against the appellee cruise lines only.

[5] We express no opinion as to the merits of, or defenses to, Clark's claims. This includes, as noted in foonote 3, *supra*, the validity and enforceability of the subject release provision. As we stated in <u>Durkovic</u>, "the courts of the Turks and Caicos Islands are capable of deciding the choice of law issues, determining whether the contractual provisions limiting liability and recovery are operative, and applying the Jones Act, if appropriate." 217 So. 3d at 160.