NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMA MULTIMEDIA, LLC, a Nevada limited liability company,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and DBA Porn.com; CYBERWEB LTD., formerly MXN LTD., a Barbados company, individually and DBA Porn.com; NETMEDIA SERVICES, INC., a Canadian company, individually and DBA Porn.com; GLP 5, INC., a Michigan company, individually and DBA Trafficforce.com, and DAVID KOONAR, an individual,<br><br>Defendants-Appellees. | No.   18-17117<br><br>D.C. No. 2:16-cv-01269-DGC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted March 06, 2020
Phoenix, Arizona

Before: CLIFTON, OWENS and BENNETT, Circuit Judges.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Plaintiff-Appellant AMA Multimedia, LLC appeals the district court's order granting Defendants-Appellees' motion to dismiss based on forum non conveniens. We have jurisdiction under 28 U.S.C. § 1291 and review "[t]he district court's decision to enforce a forum selection clause . . . for abuse of discretion." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). We reverse.

The district court abused its discretion in concluding Defendants were "transaction participants" and could benefit from the forum selection clause. We must affirm a "district court determination that falls within a broad range of permissible conclusions, provided the district court did not apply the law erroneously." *Kode v. Carlson,* 596 F.3d 608, 612 (9th Cir. 2010). Here, the district court incorrectly applied the law.

The district court correctly identified the legal rule: Defendants, as non-parties, could enforce the forum selection clause if their alleged *conduct* was "closely related to the contractual relationship" between AMA and GIM Corporation. *Mannetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988). But the district court did not apply this rule. It focused solely on the relationship between *Defendants* and the Content Partner Revenue Sharing Agreement ("CPRA"), instead of focusing on Defendants' *conduct*: (1) "Defendants have standing to enforce the CPRA's forum selection clause because they are closely related to the contractual relationship between AMA and GIM";

2

(2) "The evidence in this case, even when construed in AMA's favor, shows that Defendants are so closely related to the contractual relationship . . ."; (3) "In short, there can be no doubt that Defendants are all closely related to the contractual relationship . . ."; and (4) "In summary, the Court finds that Defendants have standing to enforce the CPRA's forum selection clause. They are closely related to the contractual relationship between AMA and GIM . . . ."

The district court should have analyzed whether Defendants' alleged conduct was "closely related" to the CPRA—the contractual relationship between AMA and GIM. Only then could Defendants have standing to enforce the forum selection clause under *Mannetti-Farrow*. *See* 858 F.2d at 514 n.5; *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007). Because the district court did not do so, it incorrectly applied the law and abused its discretion.[1] *See Kode*, 596 F.3d at 612.

We do not reach Defendants' alternative grounds for enforcing the forum selection clause, including those based on an implied license, agency relationships, or third-party beneficiary status. Defendants may pursue those theories, as well as their "transaction participants" theory, on remand.

---

[1] We leave it to the district court to consider in the first instance, on remand, whether Defendants are in fact "transaction participants" under *Mannetti-Farrow*. The district court may conduct an evidentiary hearing to resolve disputed facts. *See Murphy*, 362 F.3d at 1139-40.

3

Plaintiff in turn may challenge on remand whether the CPRA's forum selection clause applies to AMA's copyright claims and is otherwise valid and enforceable.[2]

**REVERSED and REMANDED.**

---

[2] Contrary to the district court's conclusion, this finding was not left undisturbed on appeal. This court simply never reached the issue.