601 P.2d 589

Edythe ROSENBERG, Appellant and Cross-Appellee,

v.

Lee Voda H. ROSENBERG, now Lee Voda H. Gerardo, Appellee and Cross-Appellant.

No. 13943.

Supreme Court of Arizona, In Division.

Sept. 24, 1979.

Rehearing Denied Oct. 30, 1979.

Treon, Warnicke, Dann & Roush by Michael J. Valder and Linda Scott, Phoenix, for appellant and cross-appellee.

Murray Miller, Phoenix, for appellee and cross-appellant.

HOLOHAN, Justice.

The plaintiff, Edythe Rosenberg, is the first wife of William Rosenberg, now deceased. The defendant, Lee Voda H. Gerardo, was the second wife of William Rosenberg, and since his death has remarried. To avoid confusion, the parties will be referred to by their first names.

The disputes which form the basis of this appeal arose out of the divorce of Edythe and William, which was granted in Illinois on January 2, 1962.* The decree of divorce provided inter alia that William pay to Edythe the sum of $100,000 as a bulk-sum settlement. On December 14, 1963, William filed a voluntary petition in bankruptcy in the United States District Court for the Northern District of Illinois, Eastern Division. In this petition William listed under Schedule A–3 (Unsecured Creditors) a "Bulk sum alimony settlement in favor of Edythe Rosenberg." Edythe did not object to the listing or the discharge granted William on April 30, 1965. Thereafter William married the defendant, Lee Voda, and moved to Phoenix.

Edythe filed the present action alleging that between 1967 and 1970 William fraudulently conveyed property to the defendant Lee Voda in an attempt to prevent plaintiff from collecting the balance due on the $100,000 debt created by the 1962 divorce decree. Edythe's prayer for relief requests that the conveyances from William to Lee Voda be set aside and that Edythe be allowed to satisfy her remaining claim from the property. In the alternative Edythe seeks an accounting from Lee Voda regarding all property conveyed by William, and a judgment for the remaining debt owed Edythe under the 1962 divorce decree.

Edythe testified at trial that she was unable to locate William until she learned of his death in 1971. Thereafter Edythe came to Phoenix and discovered the alleged fraudulent conveyances, and commenced the present action in 1972.

The case proceeded to trial in 1976 and after a protracted presentation of evidence the court granted a directed verdict to defendant and found:

(1) that William Rosenberg's obligation to make payments totaling $100,000 to plaintiff under the 1962 divorce decree was a dischargeable debt in bankruptcy in the nature of a property settlement;

(2) that the debt had been discharged;

(3) that the debt had not been revived after bankruptcy;

(4) that the defendant was not estopped from asserting the bankruptcy defense; and

(5) that the court had no jurisdiction to pass upon the question of whether the defense of discharge in bankruptcy should be barred if it had been obtained fraudulently.

The court entered judgment for plaintiff in the amount of $5,100.00 representing unpaid child support and past medical expenses for the care of the child. William was obligated to pay these items under the terms of the 1962 divorce, and as child support they were not discharged by the bankruptcy action.

■ The initial question which must be answered is whether the debt owed to plaintiff by William which forms the basis of this suit was properly discharged by the

* We took jurisdiction pursuant to Arizona Rules of Civil Appellate Procedure, rule 19(e).

bankruptcy proceeding. If the debt embodied in the decree of divorce was alimony it was not a dischargeable debt. Plaintiff would be free to sue on it, and William and his successors in interest may not avail themselves of the discharge as an affirmative defense. *See* 11 U.S.C. § 35(a).

Therefore, the inquiry narrows to whether the 1962 divorce decree provided for alimony or for a property settlement. Under Illinois law at the time of the decree of divorce the court was free to order transfer of money or assets to the parties to a divorce in several ways. Included therein were provisions for transfer of assets as either alimony, alimony in gross, or settlement in lieu of alimony. *See* Illinois Revised Statutes, Chapter 40, § 19.

■■ There are two factors which persuade us that the provisions of the decree of divorce provided for alimony. First, it is a rule of construction in Illinois that the settlement provisions incorporated within a decree of divorce should be construed to give effect to the intentions of the parties. *Schwartz v. Schwartz,* 69 Ill.App.2d 128, 216 N.E.2d 505 (1966). The decree in question contained several matters indicative of the fact that the parties intended the settlement to be considered as alimony. The payments to Edythe had the appearance of alimony, and were to be made in monthly installments for a period of 122 months. William was to furnish Edythe with records of his income and was to pay her, in addition to the fixed amount, 45 percent of his income over $12,500 to a maximum of $12,500 per year. The payments to Edythe were by the terms of the decree taxable income to her. We feel that this fact is a strong indication of the parties' intent that the money paid be in the nature of alimony. Under the Internal Revenue Code amounts received as alimony are income to the recipient. *See* 26 U.S.C. § 61.

■ The second factor is the way the amount owed to Edythe was scheduled in William's bankruptcy. William was represented by counsel throughout the bankruptcy proceedings. In the schedules filed with the bankruptcy court William scheduled the amount owed Edythe as "Bulk sum *alimony* settlement" (emphasis added). A party who has assumed a particular position in a judicial proceeding is estopped to assume an inconsistent position in a subsequent proceeding involving the same parties and questions. *Martin v. Wood,* 71 Ariz. 457, 229 P.2d 710 (1951); *Adams v. Bear,* 87 Ariz. 288, 350 P.2d 751 (1960). The defendant herein is attempting to assert the defense of discharge as a successor in interest to William and therefore is bound by any judicial admission which would have been binding on William.

Considering the provisions of the decree itself and the position taken by William in the bankruptcy proceedings we find that the amount owed Edythe represented alimony, and the sum due was not discharged by bankruptcy. The ruling of the trial court was incorrect and a directed verdict should not have been granted against Edythe.

Lee Voda argues on cross appeal that the trial court erred in not dismissing the action because Edythe's claims were barred by the statute of limitations; and the court erred in granting a judgment for child support and medical expenses as those items were not pled in plaintiff's complaint.

■ Defendant's assertion that plaintiff's claim is barred by the statute of limitations is ill-founded. Testimony indicated that plaintiff did not learn of William's whereabouts until 1971. It was after this time that she actually discovered the alleged method used by William in making fraudulent conveyances. Plaintiff filed suit within one year after learning of the alleged fraud. The statute of limitations covering fraudulent conveyances is three years and does not commence until plaintiff discovers the fraudulent conduct. A.R.S. § 12–543. Plaintiff's suit was filed well within the statute of limitations.

■ Defendant's assertion that the judgment of $5,100.00 was beyond the scope of the pleadings is equally without merit. Arizona is a notice pleading state, and therefore does not require extensive fact

pleading. *Folk v. City of Phoenix*, 27 Ariz. App. 146, 551 P.2d 595 (1976). We feel that plaintiff's complaint sufficiently placed defendant on notice of the relief sought. The underlying debt upon which the fraudulent conveyance claim was based was founded upon the 1962 divorce decree. The terms of the decree clearly provide that William was to pay child support and medical expenses. The decree was clearly alluded to in the complaint and a complete copy of the decree was attached to and incorporated in the petition by reference. The judgment rendered by the court on this issue was within the scope of the pleadings and supported by the evidence.

So much of the judgment of the superior court which granted judgment for the plaintiff in the sum of $5,100.00 for child support and medical expenses is affirmed, but the remainder of the judgment which granted judgment in favor of the defendant on the remaining issues is reversed with directions to grant the plaintiff a new trial.

STRUCKMEYER, V. C. J., and HAYS, J., concur.