960 P.2d 1159

ANSERV INSURANCE SERVICES, INC., a California corporation; U.S. Intermediaries, Inc., a California corporation; Avenida De Santa Ynez, a California corporation; W. Brian Hames and Rebecca Hames, husband and wife; Earl Nelson and Lynn Nelson, husband and wife, Petitioners

v.

Hon. Rebecca A. ALBRECHT, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent Judge,

John C. KING, Receiver of American Bonding Company, and Michael J. Fitzgibbons, Special Deputy Receiver of American Bonding Company, an Arizona insurer, in receivership, Real Parties in Interest.

No. CV–97–0015–PR.

Supreme Court of Arizona, En Banc.

June 26, 1998.

As Corrected July 7 and July 31, 1998.

William W. Drury, Jr. and Cynthia L. Fulton, Renaud Cook & Drury PA , Phoenix, Davide Golia, Andrew L. Birnbaum, and Theodore S. Drcar, Marks & Golia, San Diego, CA, Andrew S. Gordon, Coppersmith & Gordon PLC, Phoenix, E. Bradley Nelson, Hagler & Nelson, Vacaville, CA, for Petitioners.

Joyce N. Van Cott and Martin A. Tetreault, Glover & Van Cott PA, Phoenix, for Real Parties in Interest.

## OPINION

ZLAKET, Chief Justice.

¶ 1 Petitioners ask this court to strike the complaint filed by the Real Parties in Interest (hereinafter referred to as "Respondents"), contending that it does not contain a short and plain statement of the case as required by Rule 8(a) of the Arizona Rules of Civil Procedure.

¶ 2 Respondents, on the other hand, insist that the pleading is a short and plain statement *of this case.* They urge us to consider the size, complexity, and duration of the financial transactions at issue, as well as

the extensive accounting and reconstructive work completed prior to filing the complaint. Rule 8, they contend, imposes no page or paragraph limit.

¶ 3 The complaint in question is of the "kitchen sink" variety.[1] It contains allegations of fraud, conversion, constructive fraud/breach of fiduciary duty, unlawful acts in violation of A.R.S. § 13–2314.04, breach of contract, foreclosure, guaranty and indemnity, negligence, negligence per se, negligent misrepresentation, and contempt of court. Eighteen defendants are named, as well as John Does 1–25, Jane Does 1–25, Black Corporations 1–25, White Partnerships 1–25, and Red Associations 1–25. Among other things, the document contains a table of contents, a list of defined terms, a detailed description of excess insurance and reinsurance, thirty pages of factual background, and 230 pages of allegations. Excluding the exhibits, it comprises 269 pages, 1322 numbered paragraphs, and 159 counts. The full complaint covers approximately 425 pages—two volumes several inches thick. *See* Ariz. R. Civ. P. 10(c) ("A copy of a written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

¶ 4 Petitioners filed a motion to strike. The trial court denied the motion, finding that "although the complaint is lengthy, [it] is a clear statement of the factual basis upon which the allegations are made and further, is a clear statement of the allegations against each Defendant." A subsequent motion for reconsideration was also denied. Thereafter, the court of appeals declined special action jurisdiction. The matter was then brought here, and for the first time Petitioners requested a stay of the proceedings.

¶ 5 Because Arizona is a notice pleading state, extensive factual recitations are not required. *Rosenberg v. Rosenberg*, 123 Ariz. 589, 592–93, 601 P.2d 589, 592–93 (1979). Instead, a complaint shall contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Ariz. R. Civ. P. 8(a)(2). Petitioners cite no Arizona authority analyzing the "short and plain" requirement in a similar context, and

our research yields none. The federal rule, however, is identical to ours. *See* Fed. R.Civ.P. 8(a)(2). "Because Arizona has substantially adopted the Federal Rules of Civil Procedure, we give great weight to the federal interpretations of the rules." *Edwards v. Young*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971).

¶ 6 The rule itself is straightforward and easy to understand. "Short" is defined as "having little length" or "not lengthy or drawn out." Merriam Webster's Collegiate Dictionary 1084 (10th ed.1996). A 269–page, 1322–paragraph complaint is not "short" by any stretch of the word, whatever the complexity of the lawsuit. Synonyms of "short" include concise, condensed, direct, succinct, and terse. The complaint is none of these. On the other hand, antonyms include large, long, and rambling, all of which easily describe this pleading.

¶ 7 We have been unable to locate a single case finding a complaint as lengthy as this one in compliance with Rule 8. A 125–page, 323–paragraph RICO complaint was labeled "an egregious violation" of Fed. R.Civ.P. 8(a) in *Hartz v. Friedman*, 919 F.2d 469, 471 (7th Cir.1990). It included "a mass of details which might be relevant and appropriate at trial, but which are clearly surplusage in stating a claim." *Id.* Respondents assert that a comparison cannot be made to *Hartz* because the court in that case did not explain the factors justifying the complaint's dismissal. We are unimpressed with this attempted distinction. The court clearly made reference to the length of the pleading and the inclusion of unnecessary material. *Id.* This alone was enough to justify dismissal.

¶ 8 Likewise, Respondents' attempt to distinguish *McHenry v. Renne*, 84 F.3d 1172 (9th Cir.1996), falls short of the mark. There, it was difficult for the court to determine who was being sued and what theories were being advanced against them. *Id.* at 1178. Respondents claim that the same cannot be said in the present case. Even assuming, however, that this complaint is "a clear statement," its length alone renders it laborious to comprehend and manage. *See*

---

1. Respondents having "thrown everything in but the kitchen sink."

Hartz, *919 F.2d at 471 ("The volume and form of the pleading make it difficult to sort out the necessary elements of a RICO claim.").*

¶ 9   During oral argument, counsel for Respondents stated that they took this case very seriously and wanted to "fully and fairly advise the defendants that they were being sued for mammoth acts of fraud." They allegedly hoped to send the message that this was an important matter. Such motivation, however, is misguided. The size of a complaint is not the way to communicate purpose or intention.

¶ 10   The significant burden on a defendant to answer, and on a court to decipher, such a lengthy document would normally warrant its dismissal. Here, however, the defendants have already answered the complaint. In fact, massive disclosure statements have been exchanged, extended depositions have been taken, and a Rule 16 scheduling conference has been held.[2] Petitioners waited several months to file a special action in the court of appeals, and did not request a stay of the proceedings until sixteen months after the complaint was filed. They now insist that it was easier to answer

the complaint than to appeal issues relating to Rule 8. We are not persuaded by this explanation.

¶ 11   Quite simply, this matter presents us with examples of extreme adversariness on both sides—a 269-page complaint, a disclosure statement containing several thousand pages, a deposition scheduled to take eight days—all of which we strongly disapprove. Nevertheless, it would only exacerbate the problem to strike the complaint now. Early on, the trial judge should have granted the motion to strike. At this stage, we refuse to further delay the matter, which would only increase the already astronomical expense to all parties. The stay of proceedings is dissolved. Relief is denied.

JONES, V.C.J., FELDMAN and MARTONE, JJ., and MOELLER, J.(Retired).

---

2. During oral argument, counsel for Petitioners inexplicably denied that a Rule 16 conference had ever been held. The Response to Petition for Review, however, includes a detailed minute entry from such a proceeding.