IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RT AUTOMOTIVE CENTER, INC., et al., *Plaintiffs/Appellants*,

*v.*

WESTLAKE SERVICES LLC, *Defendant/Appellee*.

No. 1 CA-CV 21-0148

FILED 04-12-2022

Appeal from the Superior Court in Maricopa County
No.  CV2020-000834
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Iannitelli Marcolini, P.C., Phoenix
By Claudio E. Iannitelli, Jason K. Thomas
*Counsel for Plaintiffs/Appellants*

Husch Blackwell LLP, Phoenix
By Brian J. Hembd
*Counsel for Defendant/Appellee*

---

### OPINION

Judge Maurice Portley[1] delivered the opinion of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Samuel A. Thumma joined.

---

**P O R T L E Y**, Judge:

**¶1**         Plaintiff RT Automotive Center, Inc., d/b/a Riverview Toyota ("Riverview"), challenges the enforcement of a forum selection clause in a contract it disputes and the dismissal of its complaint without prejudice.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Riverview, an automotive dealership, sued Westlake Services LLC ("Westlake"), a lender, for breach of contract and related claims alleging that Westlake had refused to fund two motor vehicle purchases despite receiving sale contract assignments and first position vehicle liens. In its answer, Westlake alleged that Riverview sued in an improper venue because the parties' Master Dealer Agreement ("MDA") designated Los Angeles County, California, as the proper forum for litigation.  Westlake also asserted a counterclaim alleging breach of contract and unjust enrichment.

**¶3**         Westlake later moved to dismiss the complaint, *see* Ariz. R. Civ. P. ("Rule") 12(b)(3), or in the alternative for judgment on the pleadings, *see* Ariz. R. Civ. P. 12(c), on the same grounds alleged in its answer, offering a copy of the MDA and a faxed signature page signed in 2011 by Riverview's general manager, Brent Berge.  In response, Riverview argued that (1) it had not agreed to the MDA; (2) Berge's signature was forged; and (3) Berge lacked authority at that time to sign dealer contracts on Riverview's behalf.

**¶4**         The superior court granted Westlake's motion.  The court noted that no evidentiary hearing was requested and found oral argument unnecessary.  The court then determined that it would be "illogical and

---

[1]     The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

circular to parse out the questions of formation or validity . . . when the forum selection clause itself expressly encompasses 'actions pertaining to the formation, [and] validity' of the [MDA]." As a result, the court reasoned that it "should find the forum-selection clause enforceable and leave all the remaining questions to be addressed and resolved before a court in the venue clearly selected in the [MDA]."

**¶5** Riverview moved for reconsideration, offering additional evidence to support its contention that Berge's signature had been forged and contending that the court should have held an evidentiary hearing before dismissing the complaint. The court denied the motion and awarded Westlake attorneys' fees and costs.

**¶6** After entry of a final judgment dismissing the matter without prejudice, Riverview timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(3). *See Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 38, ¶ 9 (App. 2018) ("Dismissal pursuant to a forum-selection clause with leave to refile in another state is an appealable order under A.R.S. § 12–2101(A)(3).").

## ANALYSIS

**¶7** We review the dismissal of a complaint based on a forum selection clause *de novo*. *Bennett v. Appaloosa Horse Club*, 201 Ariz. 372, 375, ¶ 11 (App. 2001); *see also Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, 197, ¶ 7 (App. 2017) (reviewing a superior court's legal ruling on a motion for judgment on the pleadings *de novo*).[2]

**¶8** Fifty years ago, the United States Supreme Court held forum selection clauses presumptively enforceable in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (adopting the view "that such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances" (citations omitted)). Seven years later, our supreme court held that "a forum selection clause that is fairly bargained for and not the result of fraud will be enforced

---

[2] Riverview makes no claim that Westlake waived the ability to file a motion to dismiss by answering and then filing its motion to dismiss approximately two months later, contrary to Rule 12(b). *See* Ariz. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). In any event, we may treat the court's dismissal of Riverview's complaint as one granting a motion for judgment on the pleadings under Rule 12(c).

so long as to do so is reasonable at the time of litigation and does not deprive a litigant of his day in court." *Societe Jean Nicolas Et Fils v. Mousseux*, 123 Ariz. 59, 61 (1979). Its holding came after reviewing the Restatement (Second) of Conflict of Laws § 80 (1971) and common law decisions from the United States Supreme Court and other federal and state courts. *See id.* at 60-61. As a result, we follow its lead. *See, e.g., Bennett*, 201 Ariz. at 377, ¶ 20; *Morgan Bank (Del.) v. Wilson*, 164 Ariz. 535, 537 (App. 1990).

**¶9**        Arizona has not directly addressed when a forum selection clause can be invalidated. *Mousseux* suggests that a forum selection clause could be invalidated if it was the result of fraud or its enforcement at the time of litigation is so unreasonable that it deprives a litigant of his day in court. 123 Ariz. at 61[3]; *Bennett*, 201 Ariz. at 377, ¶¶ 19-20. Similarly, the Ninth Circuit Court of Appeals has stated that a forum selection clause can be invalidated:

> (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching";

> (2) "if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; [or]

> (3) "if enforcement would contravene a strong public policy of the forum in which suit is brought."

*Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) (quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998))). The common view among courts today is that forum selection clauses should be enforced unless they fall within an enunciated exception. *See Cagle v. Mathers Fam. Tr.*, 295 P.3d 460, 464, ¶ 14 (Colo. 2013).

---

[3]        In *Mousseux*, our supreme court first recognized that *Bremen* "criticized traditional judicial reluctance to enforce [forum selection] clauses and held that the federal courts should uphold them so long as the agreement was unaffected by fraud, freely negotiated, and not so unreasonable as to deprive either party of its day in court." 123 Ariz. at 60 (citing *Bremen*, 407 U.S. at 15, 18).

I.      Riverview Did Not Allege or Establish Fraud Specific to the Forum Selection Clause.

¶10      Citing Berge's declaration that his signature was forged, Riverview contends the MDA was the result of fraud.  Westlake contends, however, that a showing of fraud only invalidates a forum selection clause if it is "aimed at procuring the forum selection clause itself, not the contract as a whole."  *See, e.g., Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997).  Westlake's position is consistent with Supreme Court precedent:

> [F]orum-selection clauses "should be given full effect" when "a freely negotiated private [] agreement (is) unaffected by fraud . . . ."  [*Bremen*,] 407 U.S. at 13 . . . .  This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, . . . the clause is unenforceable.  Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable *if the inclusion of that clause in the contract was the product of fraud or coercion*.  *Cf. Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 [(1967)].

*Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974) (emphasis added).  The distinction is important because courts often treat a forum selection clause as a separate agreement from the other obligations created by the contract.  *Marra v. Papandreou*, 216 F.3d 1119, 1123 (D.C. Cir. 2000); *see also Intercall Telecomms., Inc. v. Instant Impact, Inc.*, 376 F. Supp. 2d 155, 160 (D.P.R. 2005) ("Courts must distinguish between challenges to the validity of the underlying contract . . . and to the validity of the forum selection clause in particular . . . .  Under the purview of this separability doctrine, a forum selection clause is deemed to be separate from, and independent of, the contract containing it.").  Courts therefore can "ensure that more general claims of fraud will be litigated in the chosen forum, in accordance with the contractual expectations of the parties."  *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th Cir. 1998) (emphasis omitted).

¶11      Riverview maintains on appeal that Berge's signature was forged and that it never entered the MDA.  Its arguments go beyond the forum selection clause and therefore do not support invalidating it.  *See Rawdon v. Starwood Cap. Grp.*, 453 P.3d 516, ¶ 26 (Okla. Civ. App. 2019) ("[W]here a party has alleged the invalidity of a contract generally, but has not challenged the validity of the *forum selection clause itself*, the court need not rule upon the issue of the contract's validity prior to enforcing the forum selection clause."); *Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 266

(Tex. App. 2010) (holding that alleged fraud "must involve the negotiation of the forum-selection clause itself" and "a general allegation of fraud is not sufficient to bar operation of a forum selection clause" (citations omitted)); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Seneca Fam. of Agencies*, 255 F. Supp. 3d 480, 488 (S.D.N.Y. 2017) (rejecting a challenge to a forum selection clause where a party "plainly challeng[ed] the entire Payment Agreement"); *see also MacPhail v. Oceaneering Int'l, Inc.*, 170 F. Supp. 2d 718, 724 (S.D. Tex. 2001) ("[A] court may consider a claim that a party was fraudulently induced to include a forum selection clause in an agreement, but may not entertain a claim that the entire agreement was procured by fraud."). Thus, "general allegations of fraud do not speak to the validity of the forum selection clause specifically." *Rawdon*, 453 P.3d at ¶ 27. Moreover, the forum selection clause in this case provides that the selected forum will resolve "actions pertaining to the formation, validity, interpretation, or alleged breach" of the MDA.

**¶12** Riverview also contends it specifically challenged the forum selection clause, citing evidence submitted with its motion for reconsideration to support its argument that it negotiated with Westlake toward designating Maricopa County as the appropriate forum for MDA-based disputes. We typically do not consider matters raised for the first time in a motion for reconsideration unless the facts or arguments presented were not available when the court entered the challenged ruling. *See Ramsey v. Yavapai Fam. Advoc. Ctr.*, 225 Ariz. 132, 137, ¶ 18 n.8 (App. 2010). Riverview did not contend the cited evidence was unavailable before the superior court granted Westlake's motion; Riverview only stated that it found the evidence "on back-up servers."

**¶13** Moreover, the cited evidence relates to 2010 negotiations between Westlake and a different dealership, Bell Ford. For example, the "Addendum" Riverview cites to contend that "the language upon which Westlake relied had been modified . . . to designate Maricopa County, Arizona as the exclusive legal venue" only names Bell Ford and Westlake and is unsigned. And although the other documents evince negotiations toward a potential MDA, Riverview suggests that Bell Ford, like itself, never entered the MDA. Riverview therefore did not offer any evidence to specifically challenge the MDA's forum selection clause.

II.     The Superior Court Was Not Obligated to Conduct an Evidentiary Hearing Before Dismissing the Complaint.

**¶14** Riverview also contends the superior court erred by not holding an evidentiary hearing before dismissing the complaint. The court

may, but is not obligated to, hold an evidentiary hearing on a Rule 12(b)(3) motion.  *See Murphy*, 362 F.3d at 1139; *see also Anserv Ins. Servs., Inc. v. Albrecht*, 192 Ariz. 48, 49, ¶ 5 (1998) ("Because Arizona has substantially adopted the Federal Rules of Civil Procedure, we give great weight to the federal interpretations of the rules." (citation omitted)); *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2 (App. 1999) (recognizing that a motion for judgment on the pleadings tests the sufficiency of the complaint and, on review, we generally treat the allegations of the complaint as true).  If the court does not hold a hearing, it must construe the facts in a light most favorable to the non-moving party.  *Murphy*, 362 F.3d at 1140.

**¶15**        We discount Riverview's contention for two reasons.  First, Riverview did not request an evidentiary hearing in its response to Westlake's motion or at any time before the court granted the motion.  *See Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 596, ¶ 24 (App. 2007) ("[T]he party claiming that there is a dispute of fact regarding arbitrability has the burden of requesting an evidentiary hearing." (citation omitted)); *see also Scherk*, 417 U.S. at 519 ("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause . . . .").  Riverview requested a hearing in its motion for reconsideration, but it cited no authority suggesting the superior court must hold a hearing on a motion for reconsideration when one is requested.  The applicable rule does not provide for one.  *See* Ariz. R. Civ. P. 7.1(e)(2) (stating that motions for reconsideration "must be submitted without oral argument . . . unless the court orders otherwise").

**¶16**        Second, as discussed above, Riverview only challenged the validity of the entire MDA, not the forum selection clause specifically.  For example, Riverview contends Westlake knew Berge lacked authority to sign the MDA, citing Berge's declaration and the declaration of Westlake representative Heather Holstad.  But while Holstad acknowledged that MDAs with Berge Group dealerships, such as Riverview and Bell Ford, had to be approved by other Berge Group personnel, she also said she understood that MDAs "were forwarded to corporate counsel . . . for review and approval, and forwarded back to the dealership for signing and execution."  This evidence does not create fact questions regarding whether the specific forum selection clause at issue should be enforced.  *See Petersen*, 715 F.3d at 283 (finding the district court abused its discretion by not "holding an evidentiary hearing as to whether Petersen was induced to assent **to the forum selection clause** through fraud or overreaching" (emphasis added)); *Haynsworth*, 121 F.3d at 963 ("Fraud and overreaching must be specific to a forum selection clause in order to invalidate it.").

Accordingly, the court did not err by failing to conduct an evidentiary hearing.

III.    Riverview Is Not Precluded From Asserting Its Challenges to the Entire MDA in the Proper Forum.

**¶17**        Citing *Offshore Sportswear, Inc. v. Vuarnet International, B.V.*, 114 F.3d 848 (9th Cir. 1997), Riverview also contends a finding that the forum selection clause is valid would preclude it from challenging the clause in California.  We disagree.  There, the plaintiffs filed a state court lawsuit after their federal court lawsuit was dismissed, *see id.* at 849, based on a forum selection clause, stating that "[t]he Courts of Geneva [Switzerland] shall be exclusively competent," *id.* at 849 n.1.  The plaintiffs did not appeal from the federal court dismissal.  *Id.* at 849-50.  Following removal to federal court, the second complaint was dismissed without prejudice, *id.* at 850, with the district court again pointing out that "[p]laintiffs are able to bring their claims in Switzerland pursuant to the Agreement," *id.* at 851.

**¶18**        Unlike *Offshore Sportswear*, Riverview is challenging the dismissal of its first lawsuit, not a second or subsequent lawsuit.  There is no record evidence to suggest that Riverview has filed a second lawsuit in any forum.  Consistent with *Offshore Sportswear*, Riverview can still litigate the merits of this dispute "[i]n the proper venue, or forum."  *Id.*; *see also Cagle*, 295 P.3d at 464, ¶ 15 ("[A] state court that finds a forum selection clause enforceable and grants a motion to dismiss can only dismiss the case so that the plaintiff may re-file it in the specified forum." (citations omitted)).

**¶19**        For these reasons, we affirm the dismissal of Riverview's complaint and the associated attorneys' fee award.

IV.    Attorneys' Fees Are Awarded on Appeal.

**¶20**        Westlake requests attorneys' fees incurred in this appeal under A.R.S. § 12-341.01(A), which permits a discretionary award to the successful party in an action arising out of a contract.  Although we do not reach the merits of Riverview's challenges to the MDA as a whole, the present dispute arises out of a purported contract, and specifically, the MDA's forum selection clause.  *See Keystone Floor & More, LLC v. Ariz. Registrar of Contractors*, 223 Ariz. 27, 30, ¶ 10 (App. 2009) ("Fees may be recovered when a contract is the 'cause or origin' of the dispute." (citation omitted)).  We award Westlake its reasonable attorneys' fees and taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil

Appellate Procedure 21. *See Dunn*, 245 Ariz. at 41-42, ¶ 25 (awarding attorneys' fees under § 12-341.01(A) and taxable costs to the successful party in a forum selection clause challenge).

## CONCLUSION

¶21 For the foregoing reasons, we affirm the dismissal of Riverview's complaint based on a forum selection clause.



AMY M. WOOD • Clerk of the Court
FILED:
HB