NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOHN DANKO III, *Plaintiff/Appellant,*

*v.*

STEPHANIE L. JACKSON,[1] *Defendant/Appellee.*

No. 1 CA-CV 23-0662
FILED 06-06-2024

Appeal from the Superior Court in Maricopa County
CV2022-092369
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

John Danko III, Mesa
*Plaintiff/Appellant*

Stephanie L. Jackson, Phoenix
*Defendant/Appellee*

---

[1] The record reflects that this is Defendant/Appellee's correct name. We amend the caption accordingly, and order that the above caption be used on all future documents filed in this matter.

---

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which Judge Kent E. Cattani and Judge D. Steven Williams joined.

---

**K I L E Y**, Judge:

¶1         John Danko III ("Danko") appeals from the superior court's order dismissing his claims against Stephanie L. Jackson ("Jackson"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2         In June 2022, Danko filed a complaint against Jackson and her "liability insurance carrier," alleging that he retained Jackson to enforce his divorce decree's division of retirement and that, after accepting payment, she "made absolutely no efforts" to perform the required services. She then refused to refund any of the money he paid her, he alleged, and so "commit[ted] breach of contract, bad faith, [and] unfair dealing." The complaint further alleged that Jackson committed other "intentional torts against [Danko]," including defamation and slander by telling unidentified "parties and organizations" that he "committed fraud." The complaint goes on to allege, in vague terms, that Jackson committed "torts of trespass of [Danko's] person" and "property torts against [him] of trespass of [his] land and chattels," that she "violated numerous principles of negligence" including "contributory negligence," "attractive nuisance," and negligent infliction of emotional distress ("NIED"), and that she "violate[d] nuisance laws."

¶3         Jackson moved to dismiss under Arizona Rule of Civil Procedure ("Rule") 12(b)(6), asserting that the complaint "does not state a valid claim against Defendant as named." She explained that she did not enter any contract with Danko in her personal capacity and, instead, Danko's contract was with "Stephanie L. Jackson, Esq., A Professional Corporation" (the "Corporation"). The Corporation "provided documented legal services" to Danko, she asserted, and issued "a refund of all unearned attorney fees and costs." Moreover, Jackson argued, the complaint alleges claims with "no evidentiary support" based on legal authorities that, for the most part, are "irrelevant and not applicable." Asserting that Danko "knowing[ly] made false representations" to the court

"for the purpose of harassment," Jackson asked that the complaint be dismissed with prejudice.

¶4        In response, Danko submitted a copy of his retainer agreement in purported support of his claims about the parties' relationship. The first sentence of the agreement states that it was "made and entered" between Danko and "Stephanie L. Jackson, Esq., A Professional Corporation, dba Lasiter & Jackson, PLLC." The agreement thus supports Jackson's assertion that Danko's agreement was with the Corporation and not with her personally.

¶5        Danko also argued that his complaint alleges not only that Jackson committed breach of contract by accepting payment for "doing absolutely nothing" but that she also "abused, harassed, defamed, slandered, [and] libeled" him as well as "trespassed, violated, and so forth." Jackson may deny his allegations, he concluded, but Jackson's "denial of [his] claims is not sufficient" to justify dismissing the complaint.

¶6        The superior court granted Jackson's motion to dismiss in part, dismissing Danko's contract claims against her with prejudice because Danko's contract "was with another entity," *i.e.*, the Corporation. Noting that Rule 8 requires a plaintiff "to assert 'a short and plain statement' of the claims being asserted," the court found that Danko's complaint "is neither clear nor specific," making "it difficult . . . to ascertain exactly what [Danko] is claiming." The court nonetheless declined to dismiss Danko's remaining claims with prejudice, instead giving Danko a deadline of February 15, 2023 "to file an amended complaint . . . that complies with Rule 8." If Danko failed to meet that deadline, the court stated, Jackson "may request a dismissal of the case based on [Danko's] failure to comply with Rule 8."

¶7        Danko failed to file an amended complaint, or any other document, by the February 15 deadline.

¶8        In March 2023, Danko filed a Request for Hearing, explaining that he "believe[d] his Complaint to be clear, specific, short, and plain," and so did "not understand . . . how, why, or what to change." He stated that he "hope[d]" the court would provide "a more detailed explanation" at a hearing about what "the court is looking for" so he could "modify his Complaint to the Court's approval."

¶9        Jackson again moved to dismiss, asserting that the court gave Danko an opportunity to amend his complaint and Danko "chose not to do so." A few days later, Danko filed a motion to amend his complaint and a proposed amended complaint.

¶10        Danko's proposed amended complaint asserted, verbatim, the "breach of contract, bad faith, [and] unfair dealing" claims against Jackson and her "liability insurance carrier[]" that the court had already dismissed with prejudice but added, as additional defendants, "Lasiter & Jackson PLLC" and its "liability insurer carrier[]." The proposed amended complaint alleged that Danko retained "Defendant" — without identifying *which* defendant — to enforce his divorce decree's division of retirement and that "Defendant refused to provide the contracted services" or to "refund any of [Danko's] monies." Like the original complaint, the proposed amended complaint further alleged that the unnamed defendant committed other "intentional torts against [him]," including defamation, slander, "torts of trespass," and "property torts." The proposed amended complaint set forth no additional allegations to explain the basis of these claims.

¶11        The proposed amended complaint did, however, include additional allegations relating to some of the claims in the original complaint. Where, for example, the original complaint alleged merely that Jackson "violate[d] nuisance law," the proposed amended complaint elaborated on this claim by alleging that Jackson has "not only been" a "nuisance" but "a pest" and "a severe annoyance." Similarly, the proposed amended complaint elaborated on the original complaint's NIED claim by alleging that he was "within the zone of danger" and at "an unreasonable risk of bodily harm" at the hands of his "ex-spouse" and that Jackson had an unexplained role "in promoting abuse, violence, and stalking by [his] ex-spouse." According to Danko's proposed amended complaint, Jackson "let [his] ex-spouse continue to batter, assault, and commit violence against [him]." The proposed amended complaint did not, however, allege any fact or legal theory to explain how Jackson could be liable for intentional torts committed by Danko's ex-spouse.

¶12        In May 2023, the superior court denied Danko's motion to amend his complaint and dismissed his claims with prejudice, explaining that it "granted [Danko] leave to amend" but that he "did not file an amended complaint by" the deadline.

¶13        Danko timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶14        "If a pleading does not comply with Rule 8, an opposing party may move to dismiss the action for failure to state a claim upon which relief

4

can be granted." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008) (cleaned up). We review *de novo* an order granting a motion to dismiss for failure to state a claim. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012).

**¶15**        "Dismissal is appropriate under Rule 12(b)(6) only if as a matter of law plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at 356, ¶ 8 (cleaned up). We must "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom," but "mere conclusory statements are insufficient to state a claim upon which relief can be granted." *Cullen*, 218 Ariz. at 419, ¶ 7. Additionally, "Rule 8 does not permit a trial or appellate court to speculate about hypothetical facts that might entitle the plaintiff to relief." *Id.* at 420, ¶ 14 (cleaned up).

**¶16**        As an initial matter, Danko's opening brief does not comply with ARCAP 13, which requires, *inter alia*, an appellant to provide "citations of legal authorities and appropriate references to portions of the record on which the appellant relies." ARCAP 13(a)(7)(A). Failure to make a "bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (cleaned up).

**¶17**        Danko does not provide any citations to the record anywhere in his opening brief. *See* ARCAP 13(a)(5) ("An appellant's opening brief must set forth . . . [a] 'statement of facts' that are relevant to the issues presented for review, with appropriate references to the record."). Although his opening brief contains a purported "table of citations" that lists the names of 15 cases, the table of citations does not identify, by name or volume number, the reporter in which any of those cases can be found. Moreover, none of these cases whose names are listed in the "table of citations" are cited anywhere in the body of the brief. *See* ARCAP 13(a)(7)(A) (requiring an appellant to assert "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"); ARCAP 13(f) (requiring that citations to case law include "the volume, page number and, if available, the paragraph number" of the applicable reporter). Moreover, much of Danko's briefing consists of irrelevant information and disparaging comments about his ex-spouse and other non-parties. Danko's briefing thus does not even minimally comply with the requirements of applicable court rules.

¶18 Nonetheless, because "resolution of cases on their merits is preferred," *DeLong v. Merrill*, 233 Ariz. 163, 166, ¶ 9 (App. 2013), we will, in the exercise of our discretion, address the substance of the arguments presented to the extent they are developed sufficiently for us to do so, *see MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient.").

¶19 Danko argues that the court erred in finding that he failed to file an amended complaint by the deadline. He contends that he filed his proposed amended complaint on March 15, 2023 but that it was not processed due to an error by courthouse staff. He explains that he had been declared a vexatious litigant because of his conduct in other litigation, and that as a result, "the Clerk of Court" erroneously "blocked all [his] filings," including the amended complaint he filed in this case.[2]

¶20 Even accepting as true Danko's claim that courthouse staff improperly failed to process his proposed amended complaint when he filed it, by his own admission he did not file it until March 15, a month after the February 15 deadline set by the court. The court did not err in dismissing this case based on Danko's failure to file an amended complaint by the deadline set by the court. *See* Ariz. R. Civ. P. 41(b) (noting that "a defendant may move to dismiss the action" if "the plaintiff fails . . . to comply with . . . a court order").

¶21 Danko next argues that the court erred in granting Jackson's motion to dismiss because, he contends, her motion was "untimely" because she filed it "over six months late."

¶22 The record shows, however, that although Danko filed his original complaint in June 2022, he did not effect service on Jackson until December 6, 2022. Because Jackson filed her motion to dismiss on December 22, she responded to Danko's complaint within the 20-day deadline set forth in the applicable court rule. *See* Ariz. R. Civ. P. 12(a)(1)(A)(i). Danko's "untimeliness" argument is therefore unsupported by the record.

¶23 Danko argues that the court erred in dismissing his contract claims against Jackson, asserting that he cured the defect in his original

---

[2] Danko was found to be a vexatious litigant in a lawsuit he filed against a different attorney. This Court affirmed the order declaring him a vexatious litigant. *See Danko v. Dessaules*, 1 CA-CV 23-0017, 2023 WL 5214129 (Ariz. App. Aug. 15, 2023) (mem. decision).

complaint by adding Jackson's "businesses" and their "liability insurers" as defendants.

¶24        The retainer agreement that Danko submitted in opposition to Jackson's motion to dismiss makes clear that Danko's agreement was with the Corporation, not Jackson personally. By again naming Jackson as a defendant, the proposed amended complaint suffered from the same defect as the original complaint. And as a matter of law, Danko had no direct claim for relief against his counsel's liability insurer. *See Nationwide Mut. Ins. Co. v. Ariz. Health Care Cost Containment System*, 166 Ariz. 514, 517 (App. 1990) ("The general rule is that, in the absence of a contractual or statutory provision to the contrary, an injured person has no direct cause of action against a tortfeasor's insurance company."). The court did not err in refusing to accept a proposed amended complaint that re-asserted contract claims that had already been dismissed with prejudice. *See Dube v. Likins*, 216 Ariz. 406, 415, ¶ 25 (App. 2007) (affirming denial of leave to amend complaint because "the proposed amendment [did] not cure the defects in the complaint").

¶25        Danko argues that both the original complaint and the proposed amended complaint state valid claims for relief because, he contends, he had a right "not to be abused, harassed, defamed, slandered, libeled, trespassed, violated, and so forth." Citing purported actions by his ex-spouse in "stalking" him and committing "abuse" and "harassment," Danko asserts that "Defendant"—again without identifying *which* defendant—is "directly and indirectly liable and responsible for" his ex-spouse's actions.

¶26        Danko's pleadings do not allege any fact or legal theory to explain how Jackson could be liable for intentional torts committed by Danko's ex-spouse. Likewise, in his briefing with this court, Danko does not suggest any possible basis for holding Jackson liable for his ex-spouse's alleged misdeeds. The court therefore did not err in dismissing those claims under Rule 12(b)(6). *See Sw. Non-Profit Housing Corp. v. Nowak*, 234 Ariz. 387, 392-93, ¶¶ 17-18 (App. 2014) (affirming dismissal of complaint because facts alleged could not support finding of liability).

¶27        Many of the claims in both the original complaint and the proposed amended complaint could not possibly support a cause of action against Jackson or the Corporation under any interpretation of the facts alleged. Some of the purported "claims" that Danko asserts—such as "contributory negligence"—are defenses rather than affirmative claims for relief, *see Franklin v. Clemett*, 240 Ariz. 587, 592, ¶ 7 (App. 2016), while

others—like "attractive nuisance"—could have no possible application here, *see Barnhizer v. Paradise Valley Unified Sch. Dist. No. 69*, 123 Ariz. 253, 255 (1979) (explaining that the attractive nuisance doctrine applies when determining land possessor's liability for injuries sustained by trespassing children). The proposed amended complaint simply repeats, without explanation, the original complaint's allegations that Jackson somehow "commit[ted] property torts against [Danko] of trespass of [his] land and chattels." The proposed amended complaint's new allegations in support of Danko's nuisance claim—that Jackson is not just a "nuisance" but "a pest" and "a severe annoyance"—do not state the elements of a nuisance claim. *See Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.*, 148 Ariz. 1, 4-5 (1985) (explaining that a nuisance is an interference in others' use and enjoyment of land).

¶28        The proposed amended complaint does not name the Corporation as a defendant even though, as the retainer agreement shows, Danko's contract was with the Corporation. Assuming that the proposed amended complaint's reference to "Jackson & Lasiter PLLC" can be interpreted to mean the Corporation, the only allegation of the proposed amended complaint that could possibly entitle Danko to relief based on the facts alleged is his claim that he paid the Corporation to enforce his divorce decree's division of retirement and that, after accepting payment, it "made absolutely no efforts" to perform the required services and then refused to refund his retainer. These facts, accepted as true, state a claim for relief. But the record contains no evidence that Danko ever served the Corporation, and so the Corporation never became a party. *See, e.g.*, *Koven v. Saberdyne Sys., Inc.*, 128 Ariz. 318, 321 (App. 1980) ("Proper service of process is essential for the court to have jurisdiction over the defendant."). The court was not required to accept the untimely proposed amended complaint merely because it stated a single potentially viable claim for relief against an entity that was never made a party to the case.

¶29        Danko argues that the superior court "denied [him] his due process rights in these proceedings" by denying him "court processes" such as "oral arguments" and "evidentiary hearings." He asks this Court to set an evidentiary hearing so that he can "present evidence and proof of the facts" he alleged in support of his claims.

¶30        But the court dismissed Danko's complaint after determining that he failed to state a claim upon which relief could be granted, a determination that does not turn on the existence of evidentiary support for the plaintiff's claims. *See* Ariz. R. Civ. P. 12(b)(6); *Cullen*, 218 Ariz. at 419, ¶ 7 ("When adjudicating a Rule 12(b)(6) motion to dismiss, Arizona courts

look only to the pleading itself . . . ."). Due process does not entitle Danko to a hearing to present evidence in support of legally deficient claims. And because the court gave Danko reasonable notice of the deficiencies in his original complaint and an opportunity to cure them by filing an amended pleading, the court did not violate his due process rights. *See Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 235, ¶ 18 (App. 2005) ("The essential requirements of procedural due process are reasonable notice and an opportunity to be heard.").

**¶31**　　　　Danko's original complaint consisted of little more than conclusory statements supported by a recitation of mostly irrelevant facts and legal claims and therefore failed to comply with Rule 8. *See Anserv Ins. Servs. v. Albrecht*, 192 Ariz. 48, 49, ¶ 7 (1988) (citing case law for the proposition that a complaint's excessive length and "the inclusion of unnecessary material" are "enough to justify dismissal"). The superior court gave him the opportunity to cure his deficient pleading by filing an amended complaint by a date certain. Because Danko failed to meet the deadline, the court did not err in dismissing his original complaint. And because Danko's proposed amended complaint did not cure any of the defects of the original complaint, and merely added additional, and legally unsupported, claims, the court did not err in refusing to accept Danko's untimely proposed amended complaint. *See Dube*, 216 Ariz. at 415, ¶ 25.

**¶32**　　　　Jackson requests an award of attorney fees on appeal under A.R.S. § 12-349 and Rule 11. Because Jackson represented herself in this matter, she is not entitled to an award of attorney fees. *See Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 126, 128, ¶¶ 5, 12-13 (App. 2014) (noting that "parties who represent themselves in a legal action are not entitled to recover attorney fees," regardless of whether they are licensed attorneys). We award Jackson her taxable costs on appeal, upon compliance with ARCAP 21.

**CONCLUSION**

**¶33**　　　　We affirm.



AMY M. WOOD • Clerk of the Court
FILED:　AGFV